A. H. Stolte v. The State.

No. 14723.    Delivered January 13, 1932.

The opinion states the case.

*F. E. Knetsch,* of Seguin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, Judge.—The offense, simple assault; the punishment, fine of $10.

Appellant contends that this convicttion cannot stand because the evi-

dence fails to show that the offense, if any, occurred in Guadalupe County.

The issue was raised in the trial court by motion for an instructed verdict, one ground of which was that the state had failed to prove venue. In as much as this case will have to be reversed on another issue, we deem it unnecessary to discuss this issue as it may not arise on another trial of this case.

Bill of exception No. 1 complains of the action of the trial court in sustaining the objections of the state to the asking of the witness, Harry J. Schneider, by the appellant as to what was said and done by the state's witness, S. L. Boyd, when he was brought into court immediately after said assault upon F. P. Klein. The bill shows that the witness Schneider, if he had been permitted to answer said question, would have testified that immediately after the said Boyd and said Klein were brought into the court, the witness Boyd was in a very angry frame of mind and cursed and abused the said F. P. Klein in the presence of the said Schneider in open court and called him a G— d— s— b— and told him that he would whip him, Klein, every time he saw him, and that he, the witness, reprimanded said Boyd and fined him $10 for contempt of court, but that the said witness continued his abuse on the said Klein and did not desist from cursing and threatening to whip the said Klein again until he, Schneider, threatened the witness Boyd with a $100 fine for contempt of court; that the said Boyd during all of said time was in a very angry and violent frame of mind.

This testimony sought to be elicited was material upon the issue upon which it was sought to be introduced because it tended to contradict the testimony of the witness Boyd and to break the force and effect of his testimony upon direct examination to the effect that he was not mad at the witness Klein at the time he struck him; that he had had three or four drinks on the morning of the difficulty and the appellant for whom he was working told him that Klein had been talking about him and he ought to whip him for it, and he further testified that he and the appellant went to investigate about the amount of fine and costs and the appellant then came back to Fritz Hartwig's place of business and cashed a check drawn on his father for $20 with which to pay the witness' fine and costs in case he, the witness, assaulted Klein. The witness Boyd on cross-examination had also testified that he had learned from different sources that Klein made the remarks that he was a crook and was driving a stolen car because his automobile had a California license plate on it, and he had also heard that Klein had remarked that Stolte, the appellant, who was at that time constable, should not have appointed him as his deputy. He had also testified on cross-examination that the appellant did not advise him to whip Klein, did not command him to whip Klein, and did not encourage him to whip Klein, but that he struck the said

Klein because he had remarked that he was a crook and was driving a stolen car. There being a direct contradiction in the testimony of the said witness Boyd, the facts sought to be elicited by the testimony of the witness Schneider directly tended to effect the issue as to whether or not the assault upon the said Klein by the said Boyd was through the advice, command, and encouragement of the appellant as charged in the indictment, or whether it was committed because of the remarks that were alleged to have been made by the said Klein about the said Boyd and was material testimony in support of the contentions of the appellant that the said Boyd committed the assault and battery upon the said Klein because he was angry at him.

The justice of the peace was the only disinterested witness who testified in the case. Appellant had the right to prove the facts as to what did occur upon said occasion, the state having introduced said witness Schneider for the purpose of corroborating said Boyd by showing that his fine was paid by appellant, and the matter sought to be developed was material to his defense. Whatever material facts are introduced that tend to effect the issue, the other side has the right to deny, contradict, or explain that testimony showing its falsity or breaking its force and effect in any legitimate way. See section 97, Branch's Annotated Penal Code; Arnold v. State, 9 Texas App., 435; Russell v. State, 11 Texas App., 288; Stone v. State, 12 Texas App., 221; Prather v. State, 12 Texas App., 401. See, also, Paulk v. State, 107 Texas Crim. Rep., 174, 296 S. W., 588.

The refusal to allow appellant to cross-examine the witness Schneider was error harmful to the appellant and demands a reversal of the judgment.

Reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.